1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CARL A. TAYLOR, JR., | ) | 1:07-cv-00899-AWI-TAG HC |
| | ) | |
| Petitioner, | ) | ORDER TO SHOW CAUSE WHY THE |
| | ) | PETITION SHOULD NOT BE DISMISSED |
| v. | ) | FOR VIOLATION OF THE ONE-YEAR |
| | ) | STATUTE OF LIMITATIONS |
| | ) | |
| D. ADAMS, Warden, | ) | ORDER TO FILE RESPONSE WITHIN |
| | ) | THIRTY DAYS |
| Respondent. | ) | |
| | ) | (Doc. 1) |

## PROCEDURAL HISTORY

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The instant federal petition for writ of habeas corpus was filed on June 22, 2007.  A preliminary review of the Petition, however, reveals that the petition may be untimely and should therefore be dismissed.

## DISCUSSION

A.  Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

1

1    The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a

2  habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate

3  notice of its intent to dismiss and an opportunity to respond.  260 F.3d at 1041-42.

4    B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

5    On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

6  1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

7  corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063

8  (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586

9  (1997).  The instant petition was filed on June 22, 2007, and thus, it is subject to the provisions of

10  the AEDPA.

11    The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal

12  petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d)

13  reads:

14    (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
      corpus by a person in custody pursuant to the judgment of a State court.  The
15    limitation period shall run from the latest of –

16    (A) the date on which the judgment became final by the conclusion of direct
      review or the expiration of the time for seeking such review;

17

18    (B) the date on which the impediment to filing an application created by
      State action in violation of the Constitution or laws of the United States is removed, if
      the applicant was prevented from filing by such State action;

19

20    (C) the date on which the constitutional right asserted was initially recognized by
      the Supreme Court, if the right has been newly recognized by the Supreme Court and made
      retroactively applicable to cases on collateral review; or

21

22    (D) the date on which the factual predicate of the claim or claims presented
      could have been discovered through the exercise of due diligence.

23    (2) The time during which a properly filed application for State post-conviction or
      other collateral review with respect to the pertinent judgment or claim is pending shall
24    not be counted toward any period of limitation under this subsection.

25  28 U.S.C. § 2244(d).

26    In most cases, the limitation period begins running on the date that the petitioner's direct

27  review became final.  Here, Petitioner was convicted on February 11, 1999.  (Doc. 1, p. 1).   In this

28  case, the petition for review was denied by the California Supreme Court on April 18, 2001.   Thus,

2

1   direct review would conclude on July 17, 2001, when the ninety day period for seeking review in the

2   United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe,

3   188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998).  Petitioner

4   would have one year from July 17, 2001, or until July 17, 2002, absent applicable tolling, in which to

5   file his federal petition for writ of habeas corpus.

6          As mentioned the instant petition was filed on June 22, 2007, almost five years *after* the

7   limitations period expired.  Thus, unless Petitioner is entitled to statutory or equitable tolling, the

8   petition is untimely and must be dismissed.

9          C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

10          Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application

11   for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

12   pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In

13   Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first

14   state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral

15   challenge."[1]  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846

16   (2000); see, also, Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321,

17   1323 (10th Cir. 1999).  The Court reasoned that tolling the limitations period during the time a

18   petitioner is preparing his petition to file at the next appellate level reinforces the need to present all

19   claims to the state courts first and will prevent the premature filing of federal petitions out of concern

20   that the limitation period will end before all claims can be presented to the state supreme court.  Id. at

21   1005.  However, the limitations period is not tolled for the time such an application is pending in

22   federal court.  Duncan v. Walker, 121 S.Ct. 2120, 2129 (2001).

23          Petitioner asserts that he filed a "round" of state habeas petitions to exhaust the claims in the

24   instant petition, beginning with a petition in the Kern County Superior Court, which was denied in

25

26          [1]In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas
     corpus jurisdiction. See, Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999).  Although a Superior Court order denying habeas corpus
     relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id.  If the Court of
27   Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may
     instead file an original habeas petition in the Supreme Court. See, id.

28

3

1  February 2003.  (Doc. 1, p. 3).  Petitioner then filed a habeas petition in the California Court of

2  Appeal, Fifth Appellate District ("5th DCA") that was denied on June 13, 2003.  (Id.).  Although

3  Petitioner claims to have filed a habeas petition in the highest state court, he provides no information

4  or support that he ever filed such a petition in the California Supreme Court subsequent to June 13,

5  2003.

6         In any event, it appears that the one-year limitations period expired on July 17, 2002, *before*

7  Petitioner filed his first state habeas petition in the Kern County Superior Court.  A petitioner is not

8  entitled to tolling where the limitations period, as is apparently the case here, has already expired

9  *prior to* filing a state habeas petition.  Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); see

10 Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Jackson v. Dormire, 180 F.3d 919,

11 920 (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-

12 year limitations period).

13        Moreover, even assuming, arguendo, that Petitioner is entitled to statutory tolling through

14 June 13, 2003, when the 5th DCA denied his last state habeas petition, Petitioner is not entitled to

15 further tolling from June 13, 2003, through the date of filing the instant petition on June 22, 2007, a

16 period of over four years.  Thus, it would appear that the instant petition is untimely under any set of

17 circumstances the Court can conceive.

18        Indeed, Petitioner apparently recognizes this fact since he has filed a motion with this Court

19 to proceed with an "out-of-time" petition.  (Doc. 2).  In that motion, Petitioner admits that a previous

20 federal petition was dismissed on March 30, 2006 as untimely.  Petitioner offers no further

21 explanation or facts that would entitle him to either statutory or equitable tolling; rather, Petitioner

22 contends that he has not been afforded a hearing on the merits of his claims and that justice requires

23 such a hearing.  (Doc. 2, p. 2).  Unfortunately for Petitioner, the AEDPA does not provide an

24 exception for permitting hearings on the merits for untimely petitions.  Indeed, were it to do so, the

25 exception would swallow the rule.

26        The Court cannot conclude otherwise than that the petition is untimely and must be

27 dismissed.  However, in an excess of caution, the Court will permit Petitioner to file any further

28 evidence he has that would entitle him to AEDPA tolling such that the petition would be timely.

Petitioner will be afforded the opportunity, in his response to this Order to Show Cause, to provide additional information regarding when and where he filed his state habeas petitions if he believes that the instant petition is timely and that he is entitled to statutory tolling under the AEDPA.

### **ORDER**

Accordingly, the Court HEREBY ORDERS:

1. Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of service of this Order why the Petition should not be dismissed for violation of the one-year statute of limitations in 28 U.S.C. § 2244(d).  In his response, Petitioner should provide the dates on which he filed any state habeas petitions, the names of the courts in which he filed those petitions, the results, if any, of those petitions, and the dates the results were issued.  Petitioner should provide, where possible, copies of all petitions filed as well as copies of the rulings by the state courts.

Petitioner is forewarned that his failure to comply with this order may result in Findings and Recommendations recommending that the Petition be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

Dated:   **January 9, 2008**                                        **/s/ Theresa A. Goldner**
                                                                        UNITED STATES MAGISTRATE JUDGE