UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CARL A. TAYLOR, JR., | ) | 1:07-cv-00899-AWI-TAG HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR VIOLATION OF THE ONE-YEAR STATUTE OF LIMITATIONS  (Doc. 1) |
| v. | ) | |
| | ) | |
| D. ADAMS, Warden, | ) | ORDER DIRECTING OBJECTIONS TO BE FILED WITHIN TWENTY DAYS |
| | ) | |
| Respondent. | ) | |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The instant federal petition for writ of habeas corpus was filed on June 22, 2007. (Doc. 1). On January 10, 2008, the Court issued an Order to Show Cause why the petition should not be dismissed for violation of the one-year statute of limitations. (Doc. 10). On February 4, 2008, Petitioner filed his response. (Doc. 11). A preliminary review of the record now before the Court establishes that the petition is untimely and should therefore be dismissed.

**DISCUSSION**

A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

1

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. 260 F.3d at 1041-1042. The Court has afforded Petitioner such an opportunity by permitting him to respond to the Order to Show Cause with information that would rebut the Court's preliminary conclusion that the petition was untimely.

B. Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 326, 117 S.Ct. 2059 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), overruled on other grounds by Lindh v. Murphy, 521 U.S. 320. The instant petition was filed on June 22, 2007, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

1    (2) The time during which a properly filed application for State post-conviction or
2    other collateral review with respect to the pertinent judgment or claim is pending shall
     not be counted toward any period of limitation under this subsection.

3  28 U.S.C. § 2244(d).

4  In most cases, the limitation period begins running on the date that the petitioner's direct

5  review became final. Here, Petitioner was convicted on February 11, 1999. (Doc. 1, p. 1). In this

6  case, the petition for review was denied by the California Supreme Court on April 18, 2001. Thus,

7  direct review would conclude on July 17, 2001, when the ninety day period for seeking review in the

8  United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887, 103 S. Ct. 3383

9  (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347

10 (8th Cir.1998). Petitioner would have one year from July 17, 2001, or until July 17, 2002, absent

11 applicable tolling, in which to file his federal petition for writ of habeas corpus.

12 As mentioned the instant petition was filed on June 22, 2007, almost five years *after* the

13 limitations period expired. Thus, unless Petitioner is entitled to statutory or equitable tolling, the

14 petition is untimely and must be dismissed.

15 C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

16 Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application

17 for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

18 pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In

19 Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first

20 state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral

21 challenge."[1]  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999); see also, Taylor v. Lee, 186 F.3d

22 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999). The Court reasoned

23 that tolling the limitations period during the time a petitioner is preparing his petition to file at the

24 next appellate level reinforces the need to present all claims to the state courts first and will prevent

---

[1] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See Nino 183 F.3d at 1006, n. 2. Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id. If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court. See id.

the premature filing of federal petitions out of concern that the limitation period will end before all claims can be presented to the state supreme court. Id. at 1005. However, the limitations period is not tolled for the time such an application is pending in federal court. Duncan v. Walker, 533 U.S. 167, 181-182, 121 S.Ct. 2120 (2001).

Petitioner asserts that he filed a "round" of state habeas petitions to exhaust the claims in the instant petition, beginning with a petition in the Kern County Superior Court, which was denied in February 2003. (Doc. 1, p. 3). Petitioner then filed a habeas petition in the California Court of Appeal, Fifth Appellate District ("5th DCA") that was denied on June 13, 2003. (Id.). Petitioner also asserts that filed several state petitions thereafter. (Doc. 11, pp. 1-2).

However, the one-year limitations period expired on July 17, 2002, *before* Petitioner filed his first state habeas petition in the Kern County Superior Court. A petitioner is not entitled to tolling where the limitations period, as is the case here, has already expired *prior to* filing a state habeas petition. Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999)(petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period). The effect of the expiration of the statute is to preclude any statutory tolling for later-filed state petitions; thus, since all of the state petitions were filed after the expiration of the one-year period, none of the state petitions filed by Petitioner are entitled to statutory tolling. Green, 223 F.3d at 1003.

Petitioner attempts to save the petition by submitting information that he filed a federal petition in this Court on December 24, 2001, in case number 01-cv-2354 DFL JFM. (Doc. 11, p. 1). This Court's records reflect that the petition was transferred from the Sacramento Division of this Court to the Fresno Division on January 4, 2002, reassigned as case number 1:02-cv-5024 OWW DLB entitled Carl A. Taylor, Jr., v. Alameda, et al., and was dismissed on March 10, 2003 because it contained solely unexhausted claims.[1] Petitioner then alleges that he filed a state petition in the

---

[1] Petitioner's response to the order to show cause alleges that his first federal petition was dismissed in July 2002 as a mixed petition. (Doc. 11, p.1). The Court takes judicial notice of its own records, which reflect that on March 10, 2003, the petition in case number 02-cv-5024 OWW DLB was dismissed as containing solely exhausted claims. (Docs. 1, 3, 19, 20, in case number 1:02-cv-5024 OWW DLB). Fed. R. Evid. 201.

1 Kern County Superior Court, the same petition referred to above that was denied on February 3,
2 2003.  (Doc. 11, p. 2).  Petitioner's response to the order to show cause also alleges that on June 14,
3 2004, he filed a second federal habeas petition in this Court, in case number 04-5829 REC WMW,
4 that was denied on March 30, 2006.  (Doc. 11, p.2).  The Court takes judicial notice of its own
5 records in Carl A. Taylor, Jr. vs. P.L. Vasquez, case number 1:04-cv-5829 REC WMW, which
6 reflect that Petitioner filed a petition for writ of habeas corpus on June 14, 2004, which was
7 dismissed as untimely on March 31, 2006.  (Docs. 1, 21, 22, in case number 1:04-cv-5829 REC
8 WMW).  Fed.R.Evid. 201.

9       Petitioner mistakenly believes that the limitations period was tolled during the pendency of
10 his first federal petition in this Court, thus making the later-filed state petitions entitled to tolling.
11 Although the limitations period tolls while a properly filed request for collateral review is pending *in*
12 *state court*, 28 U.S.C. § 2244(d)(2), it does not toll for the time an application for writ of habeas
13 corpus is pending in federal court.  Duncan v. Walker, 533 U.S. at 181-182.  This much is obvious
14 from the plain language of the AEDPA, which provides that the one-year period is tolled during the
15 "time in which a properly filed application for State post-conviction or other collateral review with
16 respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(Emphasis supplied).
17 Nor would the statute have been tolled during the pendency of Petitioner's second federal petition,
18 filed on June 14, 2004 and denied on March 31, 2006.  28 U.S.C. § 2244(d).

19       Thus, the petition is untimely and unless Petitioner is entitled to equitable tolling, the petition
20 must be dismissed.

21 D.  Equitable Tolling

22       The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a
23 prisoner's control" have made it impossible for the petition to be filed on time.  Calderon v. U.S.
24 Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998)(citing Alvarez-Machain v. United States, 107
25 F.3d 696, 701 (9th Cir. 1997)).  "When external forces, rather than a petitioner's lack of diligence,
26 account for the failure to file a timely claim, equitable tolling of the statute of limitations may be
27 appropriate."  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).
28 ///

5

1   Petitioner makes no explicit claim of entitlement to equitable tolling; rather, Petitioner
2 contends that he has not been afforded a hearing on the merits of his claims and that justice requires
3 such a hearing. (Doc. 2, p. 2). Unfortunately for Petitioner, the AEDPA does not provide an
4 exception for permitting hearings on the merits for untimely petitions. Indeed, were it to do so, the
5 exception would swallow the rule.
6   Petitioner also contends that he has requested appointment of counsel on several occasions
7 and that his "laymen of law understanding of the court procedure" may have resulted in some
8 "misunderstanding" on his part. (Doc. 11, p. 2). The instant petition is not the first time that
9 Petitioner's claims in this Court have been rejected as untimely. As discussed above, Petitioner's
10 federal habeas petition in case number 1:04-cv-5829 REC WMW were dismissed as untimely in
11 2006. Moreover, Petitioner's claim of ignorance of the law is insufficient to justify equitable tolling.
12 See e.g., Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986) (pro se
13 prisoner's illiteracy and lack of knowledge of law unfortunate but insufficient to establish cause);
14 Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999); Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir.1991).
15 Petitioner's indigent status and limited legal knowledge is no different than the majority of
16 incarcerated prisoners attempting to file petitions for writ of habeas corpus. Such circumstances are
17 not extraordinary and therefore do not justify equitable tolling. If limited resources and legal
18 knowledge were an excuse for not complying with the limitations period, the enactment of the
19 AEDPA would have been futile since most incarcerated prisoners have these same problems. Thus,
20 the limitations period will not be equitably tolled.

21   **RECOMMENDATIONS**
22   Accordingly, the Court HEREBY RECOMMENDS that the habeas corpus petition (Doc. 1),
23 be DISMISSED for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation
24 period.
25   These Findings and Recommendations are submitted to the United States District Court
26 Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule
27 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of
28 California. Within twenty (20) days after being served with a copy, any party may file written

objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 8, 2008**                                    /s/ Theresa A. Goldner
                                                                          UNITED STATES MAGISTRATE JUDGE