UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL A. TAYLOR, JR., ) | 1:07-cv-00899 AWI-TAG (HC) |
| ) | |
| Petitioner, ) | ORDER ADOPTING FINDINGS AND |
| ) | RECOMMENDATIONS |
| ) | (Doc. 12) |
| v. ) | |
| ) | ORDER DISMISSING PETITION FOR WRIT |
| ) | OF HABEAS CORPUS |
| D. ADAMS, Warden, ) | (Doc. 1) |
| ) | |
| Respondent. ) | ORDER DIRECTING CLERK OF COURT TO |
| ) | ENTER JUDGMENT |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On February 11, 2008, the Magistrate Judge assigned to the case filed Findings and Recommendations recommending that the petition for writ of habeas corpus be DISMISSED because the petition was not filed within the one-year time period provided for in 28 U.S.C. § 2244(d). (Doc. 12). The Findings and Recommendations were served on Petitioner and contained notice that any objections were to be filed within twenty days from the date of service of that order. On February 25, 2008, Petitioner filed objections to the Magistrate Judge's Findings and Recommendations. (Doc. 14).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes that the Magistrate Judge's Findings and Recommendations are supported by the

1   record and proper analysis.

2   In the objections, Petitioner presents evidence that his reading and writing skills are very
3   limited.  As such, Petitioner argues he is entitled to equitable tolling of the limitations period.  As
4   explained in more detail by the Magistrate Judge, this is not Petitioner's first federal habeas corpus
5   petition.  In <u>Taylor v. Vasquez</u>, 1:04-cv-5829 REC WMW, the respondent filed a motion to dismiss
6   the petition on statute of limitation period grounds. The Magistrate Judge recommended this motion
7   be granted.  When adopting the findings and recommendations recommending dismissal, District
8   Court Judge Robert E. Coyle  found in relevant part as follows:

> The court also concurs with the recommendation that petitioner has not demonstrated that he is entitled to equitable tolling of the statute of limitations. Petitioner points to no extraordinary circumstances beyond his control which prevented him from timely complying with the requirements of the law.

12  Judge Coyle then dismissed the petition and directed the Clerk of the Court is directed to enter
13  judgment for respondent.  On March 21, 2006, the Clerk of the Court entered judgment.

14  Res judicata, or claim preclusion as it is commonly known, bars relitigation in a subsequent
15  action of any claims that were or could have been raised in an earlier action.  <u>Federated Dep't Stores,</u>
16  <u>Inc. v. Moitie</u>, 452 U.S. 394, 398 (1981). The res judicata doctrine applies when there is: (1) an
17  identity of claims; (2) a final judgment on the merits; and (3) an identity or privity between the
18  parties. <u>Western Radio Services Co., Inc. v. Glickman</u>, 123 F.3d 1189, 1192 (9th Cir.1997).  Issue
19  preclusion bars re-litigation of issues adjudicated and essential to the final judgment of earlier
20  litigation between the parties.  <u>Dodd v. Hood River County</u>, 136 F.3d 1219, 1224-25 (9th Cir.
21  1999); <u>Garrett v. City and County of San Francisco</u>, 818 F.2d 1515, 1520 (9th Cir.1987).  The
22  purpose behind both issue preclusion and claim preclusion is to prevent multiple lawsuits and to
23  enable parties to rely on the finality of adjudications.  <u>Allen v. McCurry</u>, 449 U.S. 90, 94 (1980).

24  Here, the issue of whether Petitioner had filed a habeas corpus petition within the limitation
25  period and whether Petitioner was entitled to equitable tolling was decided by Judge Coyle when he
26  dismissed <u>Taylor v. Vaseuez</u>, 1:04-5829 REC WMW.  Because the issue of equitable tolling has
27  already been adjudicated in an earlier habeas corpus petition brought by Petitioner, the court cannot

28

2

re-litigate this contention in a new action.

      Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations filed February 11, 2008 (Doc. 12), are ADOPTED IN FULL;
2. The Petition for Writ of Habeas Corpus (Doc. 1) is DISMISSED; and
3. The Clerk of Court is DIRECTED to ENTER JUDGMENT for Respondent and close the file.

This order terminates the action in its entirety.

IT IS SO ORDERED.

**Dated:   March 13, 2008**          /s/ Anthony W. Ishii
                                                UNITED STATES DISTRICT JUDGE